IN THE UNTIED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | |
|---|---|
| SERENA M. HASTINGS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) |
| | ) CAUSE NO.: 2:08CV 44 JM |
| MODRAK OPERATING GROUP | ) |
| D/B/A MCDONALD'S and | ) |
| MODRAK INVESTMENT | ) |
| CORPORATION, | ) |
| | ) |
| Defendants. | ) |

## COMPLAINT

Comes now the Plaintiff, Serena M. Hastings, by counsel, and for her Complaint against the Defendants alleges as follows:

### PARTIES

1. Plaintiff, Serena M. Hastings, is a natural person who was employed by the Defendants through March 6, 2007. Plaintiff was, at the time of her employment by the Defendants, a resident of Crown Point, Lake County, Indiana and is now a resident of Valparaiso, Porter County, Indiana.

2. Defendant, Modrak Operating Group d/b/a McDonald's is and was at all relevant times a company with its principle place of business in Lake County, Indiana.

3. Defendant, Modrak Investment Corporation is and was at all relevant times an Indiana for-profit Domestic Corporation with its principle place of business located in Hobart, Lake County, Indiana.

1

## JURISDICITON AND VENUE

4. This Court has subject matter jurisdiction over all claims brought under Title VII of the Civil Rights Act pursuant to 28 U.S.C. § 1331 and 28 U.S.C. § 1343, and this Court has supplemental subject matter jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367.

5. Defendants are located and/or doing business in Lake County, within the Northern District of Indiana, Hammond Division. All of the acts complained of herein have occurred, and will occur, in Lake County, within the Northern District of Indiana, Hammond Division. Venue is proper under 28 U.S.C. § 1391 (6).

6. The Plaintiff has exhausted her administrative remedies and has satisfied all conditions precedent to bringing this action. The Plaintiff filed timely discrimination charges with the Equal Employment Opportunity Commission ("EEOC") and received her Notice of Right to Sue from the EEOC which was mailed on November 13, 2007.

## COUNT I. TITLE VII HOSTILE ENVIRONMENT, QUID PRO QUO, AND RETALIATION

7. Plaintiff realleges those facts set forth in Paragraphs 1 through 6 and incorporates those facts into this Count by reference herein.

8. From at least January, 2007, the Defendants have engaged in unlawful employment discrimination against the Plaintiff at the McDonald's located at 135 N. Main Street, Crown Point, Indiana in violation of Title VII, 42 U.S.C. §§ 2000e-2(a) and 2000e-3(a).

9. Such discrimination included subjecting Plaintiff, Serena M. Hastings, to hostile employment environment sexual harassment and quid pro quo sexual harassment by the Defendants through the conduct of Defendants' owners, officers, and managers.

2

10. The Defendants also illegally retaliated against the Plaintiff, Serena M. Hastings, by discharging and/or constructively discharging her immediately following the Defendants' receipt of her reports on her harassment and /or discrimination charges.

11. As a direct and proximate result of the Defendants' conduct, Plaintiff Serena M. Hastings, was deprived of equal employment opportunities and was subject to adverse employment actions and retaliation.

12. The illegal conduct of the Defendants in discriminating against, discharging, and/or constructively discharging the Plaintiff was done intentionally, with malice, and in gross disregard for the federally protected rights of the Plaintiff.

## COUNT II. STATE LAW WRONGFUL DISCHARGE

13. Plaintiff realleges those facts set forth in Paragraphs 1 through 12 and incorporates those facts into this Count by reference herein.

14. Plaintiff was discharged from her employment with the Defendants solely for exercising her statutorily-conferred right to report, complain about, and/or provide support to persons who reported or complained about sexual harassment.

15. Such discharge was wrongful and in violation of public policy under Indiana law.

16. As a direct and proximate result of the Defendants' wrongful conduct in discharging the Plaintiff, the Plaintiff suffered compensatory damages, including but not limited to lost wages and severe mental anguish, and Plaintiff is entitled to recover an amount to be determined at trial which will fully and fairly compensate her for these damages.

17. The Defendants' willful and intentional conduct as alleged herein was taken with malice and in gross disregard for the rights of the Plaintiff, and the Plaintiff is entitled to recover punitive damages in an amount to be determined at trial.

### COUNT III. STATE LAW INTENTIONAL INFLICITON OF EMOTIONAL DISTRESS

18. Plaintiff realleges those facts set forth in Paragraphs 1 through 17 and incorporates those facts into this Count by reference herein.

19. Through their conduct in intentionally harassing and discriminating against the Plaintiff, Serena M. Hastings, based upon gender, and in retaliating against the Plaintiff for reporting and for supporting the reporting of such harassment and discrimination, the Defendants intended to cause severe emotional distress or should have known that their conduct would cause such distress.

20. The Defendants' conduct was so extreme and outrageous as to go beyond the bounds of decency and was such that it is utterly intolerable in a civilized society.

21. The mental anguish suffered by the Plaintiff was severe and of a nature that no reasonable person could be expected to endure it.

22. As a direct and proximate result of the Defendants' wrongful conduct in intentionally inflicting severe emotional distress, the Plaintiff suffered compensatory damages, including but not limited to lost wages and severe mental anguish, and the Plaintiff is entitled to recover an amount to be determined at trial which will fully and fairly compensate her for these damages.

23. The Defendants' willful and intentional conduct as alleged herein was taken in gross disregard for the rights of the Plaintiff, and the Plaintiff is entitled to recover punitive damages in an amount to be determined at trial.

WHEREFORE, the Plaintiff, Serena M. Hastings, prays that this Honorable Court enter judgment in her favor as to all Counts contained herein, and afford to each of them the following relief against each and all Defendants, jointly and severally:

A. Back pay with pre-judgment interest;

B. Front pay;

C. Damages for all past and future pecuniary losses resulting from the Defendants' unlawful employment practices, with pre-judgment interest;

D. Damages for all past and future non-pecuniary losses resulting from the Defendants' unlawful employment practices, including but not limited to physical and emotional pain and suffering, mental anguish, and the loss of enjoyment of life;

E. Punitive damages based on the Defendants' intentional, malicious, and reckless conduct taken in gross disregard for the Plaintiff's rights;

F. Attorney's fees, costs, and expenses incurred by the Plaintiff in connection with her claims and charges against the Defendants; and

G. Any other relief deemed proper in the premises.

Respectfully submitted,
APRIL L. BOARD, P.C.
Attorney for Plaintiff

_____
APRIL L. BOARD, #17019-26
300-A East 90th Drive
Merrillville, Indiana 46410
Telephone: (219) 736 – 2445

## JURY DEMAND

Comes now Plaintiff, Serena M. Hastings, by Counsel, April L. Board, and demand trial by jury as to all Counts.

                                    Respectfully submitted,
                                    APRIL L. BOARD, P.C.
                                    Attorney for Plaintiffs

                                    APRIL L. BOARD, #17019-26
                                    300-A East 90th Drive
                                    Merrillville, Indiana 46410
                                    Telephone: (219) 736 – 2445

# NOTICE OF RIGHT TO SUE
*(CONCILIATION FAILURE)*

| | |
|---|---|
| To: Serena M. Hastings<br>2902 Winchester Drive<br>Apt. B<br>Valparaiso, IN 46383 | From: Indianapolis District Office<br>101 West Ohio St<br>Suite 1900<br>Indianapolis, IN 46204 |

☐ *On behalf of person(s) aggrieved whose identity is CONFIDENTIAL (29 CFR §1601.7(a))*

| EEOC Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| 470-2007-02266 | Alvin E. Hines,<br>Enforcement Supervisor | (317) 226-5082 |

### TO THE PERSON AGGRIEVED:

This notice concludes the EEOC's processing of the above-numbered charge. The EEOC found reasonable cause to believe that violations of the statute(s) occurred with respect to some or all of the matters alleged in the charge but could not obtain a settlement with the Respondent that would provide relief for you. In addition, the EEOC has decided that it will not bring suit against the Respondent at this time based on this charge and will close its file in this case. This does not mean that the EEOC is certifying that the Respondent is in compliance with the law, or that the EEOC will not sue the Respondent later or intervene later in your lawsuit if you decide to sue on your own behalf.

## - NOTICE OF SUIT RIGHTS -
*(See the additional information attached to this form.)*

**Title VII, the Americans with Disabilities Act, and/or the Age Discrimination in Employment Act:** This will be the only notice of dismissal and of your right to sue that we will send you. You may file a lawsuit against the respondent(s) under federal law based on this charge in federal or state court. Your lawsuit **must be filed WITHIN 90 DAYS of your receipt of this notice**; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a state claim may be different.

**Equal Pay Act (EPA):** EPA suits must be filed in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that **backpay due for any violations that occurred more than 2 years (3 years) before you file suit may not be collectible.**

If you file suit, based on this charge, please send a copy of your court complaint to this office.

On behalf of the Commission

_____
Danny G. Harter,
Director

NOV 13 2007
*(Date Mailed)*

Enclosures(s)

cc: Robert M. Kelso
KIGHTLINGER & GRAY, LLP
Market Square Center, Suite 600
151 North Delaware Street
Indianapolis, IN 46204

Michael O'Brien
Law Office of Michael O'Brien
7 North Court Street
Crown Point, IN 46307